**In the United States District Court**
**Southern District of Texas**
**Houston Division**

| | |
|---|---|
| **Tempress Technologies, Inc.,**<br>Plaintiff,<br><br>v.<br><br>**Texas Oilwell Partners, LLC,**<br>Defendant | **Civil Action No. 4:23-cv-01351** |

1

# Table of Contents

|  | Page No. |
|---|---|
| Table of Authorities | 2 |
| I. Introduction to the Dispute | 6 |
| II. Nature and Stage of the Proceedings | 6 |
| III. Facts | 6 |
| III. Issues Requiring Resolution | 7 |
| IV. Standard of Review | 7 |
| V. Concise Summary of the Argument | 8 |
| VI. No Plausible Claim of Direct Infringement Is in the Orignal Complaint | 9 |
| 1. The Conclusory Allegations in the Complaint Fail to Show that There Is a Poppet, and Thus Also Fail to Show a Pilot Within a Poppet, in the Accused Device | 9 |
| (i) There Is No "Pilot Within a Poppet"; Plaintiff has Disclaimed All Equivalents of this Feature | 10 |
| a. *There Is No "Pilot Within a Poppet"* | 10 |
| b. *Plaintiff has Disclaimed All Equivalents of a Pilot Within a Poppet* | 12 |
| (ii) *The Poppet Valve in the Accused Device Does Not House a Pilot Within It* | 13 |
| (iii) *There Is No Pilot (or Equivalent) That Functions as Required in Claim 1* | 15 |
| 2. Flow Is Not Interrupted through the Accused Device | 16 |
| 3. Having Failed to Plausibly Claim Direct Infringement, the Claims of Indirect Infringement Must Also Be Dismissed | 17 |
| 4. The Willful Infringement Claims Should be Dismissed | 18 |
| 5. No Attorney Fees for Plaintiff As the "Exceptional Nature" of This Action Is That It's Wholly Lacking in Merit | 19 |
| VII. Conclusion and Claim for Relief | 19 |

# Table of Authorities

## CASES

*Amgen Inc. v. Coherus Biosciences Inc*,
    931 F.3d 1154 (Fed. Cir. 2019)..................................................................................13

*Amgen Inc. v. Coherus Biosciences Inc*,
    2018 WL 1517689 (D. Del. Mar. 26, 2018)..............................................................13

*AquaTex Indus., Inc. v. Techniche Sols*,
    479 F.3d 1320 (Fed. Cir. 2007)................................................................................11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................8, 8, 9, 16

*Atticus Research Corp. v. VMware, Inc.*,
*No. H-11-1741 (S.D. Tex. July 30, 2013)* ...........................................................*13*

*Beckman Instruments, Inc., v. LKB Produkter AB*,
    892 F.2d 1547, 1551 (Fed.Cir.1989) ......................................................................19

*BMC Res., Inc. v. Paymentech, L.P*,
    498 F.3d 1373 (Fed. Cir. 2007)...............................................................................18

*Brooks Furniture Mfg. v. Dutailier Intern., Inc.*,
393 F.3d 1378 (Fed. Cir. 2005) ..............................................................................19

*Cambridge Prods. Ltd. v. Penn Nutrients, Inc.*,
    962 F.2d 1048 (Fed.Cir.1992) ) .............................................................................19

*Deniece Design, LLC v. Braun*,
    953 F. Supp. 2d 765 (S.D. Tex. 2013) ......................................................................9

*Duramed Pharm., Inc. v. Paddock Labs., Inc*,
    644 F.3d 1376 (Fed.Cir.2011)................................................................................13

*Erickson v. Pardus*,
    551 U.S. 89 (2007)....................................................................................................7

*Golight, Inc. v. Wal-Mart Stores, Inc.*,
    355 F.3d 1327 (Fed. Cir. 2004) ..............................................................................18

*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed.Cir.2007) (en banc) ...................................................................18

*Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.,*
  285 F.3d 1046 (Fed. Cir. 2002)................................................................................13

*Joy Techs., Inc. v. Flakt, Inc.,*
  6 F.3d 770 (Fed. Cir. 1993)......................................................................................17

*Kropa v. Robie,*
  187 F.2d 150 (CCPA 1951) ......................................................................................16

*Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd,*
  *517 U.S. 370 (1996)* ................................................................................................14

*Mitchell v. McBryde,*
  944 F.2d 229 (5th Cir. 1991)..................................................................................... 7

*Nalco Co. v. Chem-Mod, LLC,*
  883 F.3d 1337 (Fed. Cir. 2018).................................................................................11

*Neutrino Development Corp. v. Sonosite, Inc,*
  337 F.Supp.2d 937 (S.D. Tex. 2004) ......................................................................... 9

*Oppenheimer v. Prudential Sec., Inc,*
  94 F.3d 189 (5th Cir. 1996)....................................................................................... 7

*Ottah v. VeriFone Sys., Inc,*
  524 Fed. Appx. 627 (Fed. Cir. 2013) ........................................................................13

*Papasan v. Allain,*
  478 U.S. 265 (1986) ................................................................................................. 8

*Phillips v. AWH Corp.,*
  415 F.3d 1303 (Fed. Cir. 2005).................................................................................14

*Sanofi-Aventis Deutschland GmbH v. Genentech, Inc,*
  473 F. App'x 885 (Fed. Cir. 2012) ............................................................................13

*Standard Oil Co. v. Am. Cyanamid Co,*
  774 F.2d 448 (Fed. Cir. 1985)...................................................................................13

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.,*
  598 F.Supp.3d 520 (S.D. Tex. 2022) ....................................................................11, 16

*Trescott v. United States*,
No. G-11-448 *3-4 (S.D. Tex., Feb. 14, 2012) ................................................................ 2

*Twombly v. Bell Communications*,
55 F.3d 620..................................................................................................*7, 8,* 16

*Vitronics Corp. v. Conceptronic, Inc.*,
90 F.3d 1576 (Fed. Cir. 1996)...............................................................................14

*Vulcan Eng'g Co. v. Fata Aluminium, Inc.*,
278 F.3d 1366, 1378 (Fed. Cir.2002) .....................................................................19

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17; 117 S.Ct. 1040 (1997)........................................................................10

*Westerngeco L.L.C. v. Ion Geophysical Corp*,
869 F.Supp.2d 793 (S.D. Tex. 2012) ...................................................................... *17*
*Westerngeco L.L.C. v. Ion Geophysical Corp*,
953 F.Supp.2d 731 (S.D. Tex. 2013) *aff'd in part, rev'd in part* , 791 F.3d 1340......18

*Zodiac Pool Care, Inc. v. Hoffinger Industries, Inc.*,
206 F.3d 1408 (Fed. Cir. 2000)...............................................................................11

## Statutes

35 USC § 271(b); (c) ................................................................................................11
35 USC § 102(b) .......................................................................................................11
35 USC § 285) ..........................................................................................................11

## FEDERAL RULES

Federal Rules of Civil Procedure
Rule 8 ................................................................................................................ 7, 8
Rule 12(b)(6)................................................................................................... 6, 7

I. <u>Introduction to the Dispute</u>

Plaintiff claims infringement of its US Pat. No. 7139219 B1 (the "'219 patent") by Defendant's making, using or selling of the device it calls the Delta Pulse II. This motion is filed by Defendant because Plaintiff has not set forth a plausible claim for infringement in its conclusory Original Complaint, and has also not set forth a plausible claim for willful infringement or that this is an exceptional case.

II. <u>Nature and Stage of the Proceedings</u>

Defendant moves to dismiss the Original Complaint (Document 1) under Fed. R. Civ. P. 12(b)(6). The complaint has been served and no other proceedings have taken place.

III. <u>Facts</u>

The allegations in the Complaint regarding infringement (Document 1 ¶15) state that based on information and belief, the Defendant's tool designated the "Delta Pulse II" uses the design shown in Defendant's U.S. Patent Application No. 17/473,244 ("the '244 Application"). Then the Complaint in paragraph 24 states that the accused device "satisfies each element of and infringes" claim 1 of their '219 patent, and in paragraph 25: "Upon information and belief, the Accused Product embodies the design shown in TOP's [Defendant's] '244 Application. The design shown in TOP's '244 Application satisfies each element of claim 1 of the '219 Patent."[1]

---

[1] Claim 1 of the '219 patent reads as follows:
1. A valve configured for generating a pressure pulse within a conduit by at least partially interrupting flow of a pressurized fluid circulating through the conduit, comprising: (a) an inlet port configured to couple in fluid communication with the conduit through which the pressurized fluid is circulating; (b) an outlet port configured to couple in fluid communication with the conduit through which the pressurized fluid is circulating; (c) a plurality of fluid passages configured to selectively couple in fluid communication with said inlet port; (d) a poppet that is actuated by the pressurized fluid to cycle between an open position and a closed position, such that when in said closed position, said poppet at least partially interrupts a flow of the pressurized fluid through said outlet port; and (e) a pilot disposed within said poppet, said pilot being reciprocated back and forth between first and second positions during each cycle by the pressurized fluid, such that a position

Several elements set forth in Claim 1 of the '219 patent are missing in the '244 Application device; for example, a pilot is not disposed within a poppet valve. Moreover, during patent prosecution, by its arguments, Plaintiff/patentee disclaimed any equivalent wherein a pilot is not disposed within a poppet valve. Finding there is an equivalent of a pilot disposed within a poppet in Defendant's accused device is prohibited by the doctrine of prosecution history estoppel/disclaimer.

No facts support a finding of indirect infringement, willful infringement (the patent is likely invalid as discussed in Section VI.4), or that this is an exceptional case in favor of Plaintiff.

III. Issues Requiring Resolution

Has Plaintiff set forth a plausible claim for direct or indirect infringement of claim 1 of the '219 patent?

Has Plaintiff set forth a plausible claim for willful infringement of the '219 patent?

Has Plaintiff set forth a plausible claim for this as an exceptional case?

IV. Standard of Review

In *Trescott v. United States*, No. G-11-448 *3-4 (S.D. Tex., Feb. 14, 2012) this Court summarized the applicable review standards for a Fed. R. Civ. P. 12(b)(6) motion to dismiss:

> Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[S]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

---

of said pilot determines which of said plurality of fluid passages is coupled in fluid communication with said inlet port.

Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

V. Concise Summary of the Argument

The device Plaintiff identifies as the accused device does not have any of the following elements, or their equivalent, and these elements are all required to be present in the accused device by the only claim (claim 1) of the patent-in-suit (US Pat. No. 7139219 B1) that Plaintiff has asserted as being infringed:

a pilot disposed within a poppet;

a poppet that that when closed, at least partially interrupts a flow of the pressurized fluid through said outlet port; and

a pilot being reciprocated back and forth between first and second positions during each cycle by the pressurized fluid, such that a position of said pilot determines which of a plurality of fluid passages is coupled in fluid communication with an inlet port.

Because these elements are missing in the accused device, there is no plausible claim of direct infringement, indirect infringement, willful infringement, nor for this as an

8

exceptional case entitling Plaintiff to its attorney fees. An initial ruling in the USPTO[2] indicates that claim 1 of the patent-in-suit is likely invalid. All claims should be dismissed.

VI. <u>No Plausible Claim of Direct Infringement Is in the Original Complaint</u>

**1. The Conclusory Allegations in the Complaint Fail to Show that There Is a Poppet, and Thus Also Fail to Show a Pilot Within a Poppet, in the Accused Device**

Plaintiff's Complaint includes only conclusory allegations of direct and indirect infringement, which are not plausible in view of the device accused of infringement (embodied in the '244 Application) as demonstrated below.

As this Court has noted in a patent case (*see Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 770-71 (S.D. Tex. 2013)):

> In *Ashcroft v. Iqbal*, 129 S.Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a Bivens claim of unconstitutional discrimination and a defense of qualified immunity for a government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." ... Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

The allegations in the Complaint regarding infringement (¶15) state that based on information and belief, the Defendant's tool designated the "Delta Pulse II" uses the design shown in Defendant's U.S. Patent Application No. 17/473,244 ("the '244 Application"). Then the Complaint in paragraph 24 states that the accused device "satisfies each element of and infringes" claim 1 of their '219 Patent (US Pat. No. 7139219 B1), and in paragraph 25: "Upon information and belief, the Accused Product embodies the design shown in TOP's [Defendant's] '244 Application. The design shown in TOP's '244 Application satisfies each element of claim 1 of the '219 Patent." There is no statement of whether the infringement is literal (*Neutrino Development Corp. v. Sonosite, Inc*., 337 F.Supp.2d 937,

---

[2] United States Patent & Trademark Office.

940 (S.D. Tex. 2004) ("If even one component of the claim is not found in the accused device exactly as recited in the claim, the claim does not 'read on' the accused device and there can be no literal infringement.")) or under the doctrine of equivalents. *See Neutrino Development Corp., Id.* (*"Infringement under the doctrine of equivalents requires that the accused product contain each limitation of the claim or its equivalent. See Warner-Jenkinson,* 520 U.S. at 40, 117 S.Ct. 1040.").

**Exhibit A** demonstrates that the conclusory statements in the Complaint are insufficient because they fail to state "[A] plausible claim for relief" as required by *Ashcroft*, 129 S.Ct. at 1940. **Exhibit A** is a marked drawing (Fig. 3C) taken from the '244 Application with certain features expanded, wherein the expanded features are added above the tool drawing. **Exhibit A** also has added dashed arrows representing the flow of fluid through the tool.

(i) *There Is No "Pilot Within a Poppet"; Plaintiff has Disclaimed All Equivalents of this Feature*

a. *There Is No "Pilot Within a Poppet"*

Plaintiff bases its case for infringement of claim 1 of the '219 patent on the alleged correlation between the elements it recites and the specification and drawings in the '244 Application. In **Exhibit A**, Defendant demonstrates that essential elements (and/or their equivalents) of claim 1 are absent in the device described and claimed in the '244 application. More specifically, the device in the '244 Application does not have a "pilot disposed within said poppet" because the only part in the device of the '244 Application which could possibly be analogous to the "pilot" of claim 1 is the inner valve assembly (upper and lower portions shown below in Figs. 2&3),[3] and the inner valve assembly is not within the only poppet (which is "poppet valve 12" shown below in Fig. 1 of this brief)[4] of that device. Accordingly, a "pilot disposed within said poppet" or its equivalent is missing

---

[3] The inner valve assembly has its components shown in Fig. 3A from the '244 Application, **Exhibit A**, and it is described (see underlining) on page 5 and the last paragraph on page 6, of **Exhibit B** (**Exhibit B** is the specification from the '244 Application).

[4] The poppet valve 12 is also shown in Fig. 1 below, which is a portion of Fig. 3A, **Exhibit A**. A description of its operation is underlined on page 4 of **Exhibit B,** the specification of the '244 Application.

in the accused device and there is no direct infringement. *See Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 598 F.Supp.3d 520, 536-37 (S.D. Tex. 2022) ("To infringe a claim literally, the accused product must incorporate every limitation in a valid claim, exactly. *Zodiac Pool Care, Inc. v. Hoffinger Industries, Inc.*, 206 F.3d 1408, 1415 (Fed. Cir. 2000) … To infringe a claim under the doctrine of equivalents, the accused product must incorporate every limitation in a valid claim by a substantial equivalent. *Id.").* *See* also *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018) (quoting *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007)) ("A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method.")

*Fig. 1, Poppet valve 12 and valve seat 22*



*Fig. 2, Upper portion of the inner and outer valve assemblies (inner is circled)*

11



*Fig. 3, Lower portion of inner and outer valve assemblies (inner is circled)*



b. *Plaintiff has Disclaimed All Equivalents of a Pilot Within a Poppet*

Plaintiff is estopped under the doctrine of prosecution history disclaimer ("estoppel") from asserting that the inner valve and outer valve assemblies shown above in Figs. 2&3 are equivalent to the "pilot disposed within said poppet" of claim 1. Plaintiff/patentee argued during prosecution of the application that became the '219 patent that in the prior art patent cited by the USPTO examiner[5] "[T]he second member is NOT disposed within the first member." *See* **Exhibit C "**REMARKS" on p. 12 of Plaintiff's response to the Non-Final Rejection, filed on 8/1/2006. And then Plaintiff went on to disclaim any equivalent to a

---

[5] The patent cited by the examiner is US Pat No. 6237701, referred to as the "'701 patent" in the quotes below.

"second member disposed within" a poppet valve, by arguing that the difference in the claimed invention from the prior art '701 device was: "In the present claims, applicants' second member reciprocates back and forth, thereby controlling actuation of the first member, ***but must be disposed within the first member***. … Thus, poppet va1ve 58 is functionally equiva1ent to the recited first member." (emphasis added)

Under the doctrine of prosecution history estoppel, a plaintiff may not broaden the scope of a claim to recapture what they previously surrendered. *Ottah v. VeriFone Sys., Inc*., 524 Fed. Appx. 627, 630 (Fed. Cir. 2013) (citing *Duramed Pharm., Inc. v. Paddock Labs., Inc*., 644 F.3d 1376, 1380 (Fed.Cir.2011)). Stated differently, "a patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO, and then, after patent issuance, use the doctrine of equivalents to establish infringement because the specification discloses equivalents." *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (*en banc*). The Federal Circuit recently affirmed dismissal of a complaint for failure to state a claim when the complaint asserted the doctrine of equivalents as a basis for infringement, where the plaintiff was barred by prosecution history estoppel. *Amgen Inc. v. Coherus Biosciences Inc*., 931 F.3d 1154, 1159-60 (Fed. Cir. 2019) (affirming dismissal order in *Amgen Inc. v. Coherus Biosciences Inc*., 2018 WL 1517689 (D. Del. Mar. 26, 2018)).

Estoppel can arise when an applicant makes an argument or amendment surrendering subject matter. *See, e.g., Atticus Research Corp. v. VMware, Inc*. No. H-11-1741 \*9-10 (S.D. Tex. July 30, 2013) ("The prosecution history includes 'all express representations made by or on behalf of the applicant to the examiner to induce a patent grant, or . . . to reissue a patent. . . . includ[ing] amendments to the claims and arguments made to convince the examiner that the claimed invention meets the statutory requirements of novelty, utility, and nonobviousness.' *Standard Oil Co. v. Am. Cyanamid Co*., 774 F.2d 448, 452 (Fed. Cir. 1985); *see also Sanofi-Aventis Deutschland GmbH v. Genentech, Inc*., 473 F. App'x 885, 888 (Fed. Cir. 2012) ('We have held that an otherwise broadly defined term can be

narrowed during prosecution through arguments made to distinguish prior art.' (citing *Phillips*, 415 F.3d at 1317))."

Thus, by virtue of the argument made during patent prosecution that the pilot "must be disposed within the first member" (*i.e*., within poppet va1ve 58), Plaintiff is estopped from asserting that the inner valve and outer valve assemblies shown above in Figs. 2&3 are equivalent to the "pilot disposed within said poppet" of claim 1.

(ii) *The Poppet Valve in the Accused Device Does Not House a Pilot Within It*

A proper construction of the claims will verify Defendant's assertion that the only poppet is poppet valve 12 (with valve seat 22) shown in Fig. 1 above. *See Buggies v. Hous. Heavy Mach.*, No. H-21-616 *4 (S.D. Tex. 2022) ("Claim terms are 'generally given their ordinary and customary meaning,' defined as 'the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention.' *Phillips*, 415 F.3d at 1312-13 (quoting *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir. 1996)).") Further:

> Courts may also "rely on extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" Phillips, 415 F.3d at 1317 (quoting Markman, 52 F.3d at 980). Although extrinsic evidence "'can shed useful light on the relevant art,' it is 'less significant than the intrinsic record in determining the legally operative meaning of claim language.'"

*Buggies, at *7-8.*

Part d of claim 1 of the '219 patent provides for a poppet which seals: "[A] poppet that is actuated by the pressurized fluid to cycle between an open position and a closed position, such that when in said closed position, said poppet at least partially interrupts a flow of the pressurized fluid through said outlet port …" The relevant portion Fig. 4B of the '219 patent shown below (with the description from the specification below) shows a poppet which provides a seal between poppet seat "3" and poppet ring "13":

Fig. 4B of the '219 Patent

14



## FIG. 4B

*See also* '219 patent "Description of the Preferred Embodiment" at Col. 16, ll. 17-20: "Stroke 2--Pilot Travels Down  FIG. 4B shows poppet valve 83 fully closed. In the closed position poppet ring 13 is disposed against poppet seat 3."

The poppet above in Fig. 4B of the '219 patent operates to provide a seal; as does the poppet in the '244 Application. Turning to extrinsic evidence for further support, **Exhibit D** is a section from Wikipedia explaining and defining poppets, including the definition in the first paragraph:

> It consists of a hole or open-ended chamber, usually round or oval in cross-section, and a plug, usually a disk shape on the end of a shaft known as a valve stem. The working end of this plug, the valve face, is typically ground at a 45° bevel ***to seal against a corresponding valve seat*** ground into the rim of the chamber being sealed. [emphasis added]

This definition, that the poppet provides a seal, is consistent with the usage of the term in the '219 patent specification and claims.

Thus, the open wash pipes (108 and 106) at the ends of the outer valve assembly, which cannot provide a seal, mean the outer valve assembly in the device of the '244 Application cannot be a poppet. *See* **Exhibit B** on p. 5, underlined portion, describing the outer wash pipe's components, and **Exhibit A** (with Figs. 2 and 3 above), showing wash pipes 108

and 106. In fact, the inner and outer valve assemblies have open cores running through from top to bottom, and therefore neither can possibly provide a seal. It is clear that the only poppet in the device of the '244 Application is the poppet 12, which has no pilot within it. Thus, there is a missing element in the device of the '244 Application and there is no infringement. *See Sunoco Partners Mktg. & Terminals L.P.*, 598 F.Supp.3d at 536-37. Plaintiff has failed to show a plausible claim of direct infringement. *Ashcroft*, 129 S.Ct. at 1940.

(iii) *There Is No Pilot (or Equivalent) That Functions as Required in Claim 1*

There is nothing in the device of the '244 Application that functions as required in part d of claim 1 of the '219 patent (or any equivalent): "said pilot being reciprocated back and forth between first and second positions during each cycle by the pressurized fluid, such that a position of said pilot determines which of said plurality of fluid passages is coupled in fluid communication with said inlet port." In the device of the '244 Application, as shown by the dashed arrows showing fluid flow in **Exhibit A**, there is always flow through various passages in the device and thus, its fluid passages are always "coupled in fluid communication with said inlet port," even when poppet valve 12 is closed, as in **Exhibit A**. Moreover, the fluid passages are in communication with the inlet port irrespective of the position of the inner valve assembly.  Plaintiff has failed to show a plausible claim of direct infringement for this added reason. *Ashcroft*, 129 S.Ct. at 1940.

**2. Flow Is Not Interrupted through the Accused Device**

Another missing element in the device of the '244 Application, is that even when poppet valve 12 is in the closed position, as in **Exhibit A** and Fig. 1 above, it still does not "at least partially interrupts a flow of the pressurized fluid through said outlet port …" as required in part d of claim 1.[6] The term "interrupts" means "stops" and does not mean restricts or

---

[6] This limitation ("at least partially interrupts a flow of the pressurized fluid …") in part d of claim 1 is also set forth in substantially the same language in the claim 1 preamble, where the valve generates a pressure pulse: "by at least partially interrupting flow of a pressurized fluid circulating

impedes, as admitted by Plaintiff in another patent it owns, No. 8939217 B1 (**Exhibit E**), with the same inventor (J. Kolle) as one of the inventors named in the '219 patent. In the Background of US Pat. No. 8939217, first paragraph, it explains that stopping flow takes place in the device shown in the '219 patent:

> For example, U.S. Pat. Nos. 6,237,701 and 7,139,219, which are assigned to the same assignee of the present invention, disclose hydraulic impulse generators incorporating self-piloted poppet valves designed to periodically stop the flow of fluid at the bottom end of the tubing. Stopping the flow leads to an increase in pressure upstream of the valve and a decrease in pressure downstream of the valve.

Thus, "partially interrupting" flow admittedly means stopping flow.

**Exhibit A** (dashed arrows) shows that there is always flow through the device of the '244 Application, even when the poppet valve 12 is closed. And, when poppet 12 is open, there are additional flow paths through the open cores of the inner and outer valves. Thus, at all times, irrespective of the position of poppet 12, there is never a time during operation of the device in the '244 Application when there is partial "interrupting flow of a pressurized fluid circulating through the conduit," or an equivalent, as required in claim 1. Accordingly, Plaintiff has entirely failed to set forth a plausible claim for direct infringement.

### 3. Having Failed to Plausibly Claim Direct Infringement, the Claims of Indirect Infringement Must Also Be Dismissed

In *Westerngeco L.L.C. v. ION Geophysical Corp*., 869 F.Supp.2d 793, 799-800 (S.D. Tex. 2012) the Court held that absent proof of direct infringement, any claim of indirect infringement also must fail. *Citing*, *Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 774 (Fed.

---

through the conduit." *See Conocophillips Co. v. In-Depth Compressive Seismic, Inc*., No. H-18-0803 *38 (S.D. Tex., April 26, 2019):

> [T]he preamble may be limiting "when the claim drafter chooses to use both the preamble and the body to define the subject matter of the claimed invention." *Bell Communications*, 55 F.3d at 620. If the preamble is "necessary to give life, meaning and vitality" to the claim it should be construed as limiting. *Kropa v. Robie*, 187 F.2d 150, 152 (CCPA 1951). Whether statements made in the preamble are limiting is determined "on the facts of each case in view of the claimed invention as a whole." [remainder of citations omitted]

Cir. 1993); ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement."); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."). Plaintiff's failure to assert a plausible direct infringement claim means the indirect infringement claims under 35 USC § 271(b) and (c) should also be dismissed.

**4. The Willful Infringement Claims Should be Dismissed**

*Westerngeco L.L.C. v. Ion Geophysical Corp.*, 953 F.Supp.2d 731, 751 (S.D. Tex. 2013) discussed the standard for showing willful infringement

> [*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir.2007)] established a two-pronged test for establishing the requisite recklessness. Thus, to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Once the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer."

As discussed above in Section VI.1 to VI.3, Plaintiff has failed to set forth a plausible claim of direct or indirect infringement of the asserted claim 1 of the '219 patent.

Further, as set forth in the claim chart attached (**Exhibit D**), claim 1 of the '219 patent is invalid under 35 USC § 102(b) as anticipated by US Pat. No. 4825421. The claim chart (**Exhibit D**) for claim 1 of the '219 patent[7] convinced the USPTO that there was a substantial new question of patentability presented, and it ordered a reexamination to proceed on May 5, 2023. *See* **Exhibit F**.

---

[7] Note, the **Exhibit D** claim chart is an excerpt from the claim chart submitted to the USPTO with the reexamination request for the '219 patent, which shows the arguments made for invalidity of claim 1 of the '219 patent. The full claim chart submitted to the USPTO with the reexamination request listed the arguments for invalidity of all 46 claims in the '219 patent. The USPTO found there was a substantial new question of patentability raised for all 46 claims and ordered the reexamination to proceed for all 46 claims.

The Court in *Golight, Inc. v. Wal-Mart Stores, Inc*., 355 F.3d 1327, 1339 (Fed. Cir. 2004) set forth the standard for willful infringement as follows: "When it is found that the infringer acted without a reasonable belief that its actions would avoid infringement, the patentee has established willful infringement, which may be accompanied by enhanced damages." *Vulcan Eng'g Co. v. Fata Aluminium, Inc*., 278 F.3d 1366, 1378 (Fed. Cir.2002). Because the Plaintiff here has failed to set forth a plausible case of direct or indirect infringement, and further because there is a reasonable basis to believe the asserted claim will be invalidated by the reexamination filed in the USPTO, there is no plausible claim for willful infringement. The willful infringement claims should be dismissed.

## 5. No Attorney Fees for Plaintiff As the "Exceptional Nature" of This Action Is That It's Wholly Lacking in Merit

Because the Plaintiff here has failed to set forth a plausible case of direct or indirect infringement, and further because there is a reasonable basis to believe the asserted claim is likely to be invalidated by the reexamination filed in the USPTO, there is also no plausible claim for this as an exceptional case under 35 USC § 285. *See Brooks Furniture Mfg. v. Dutailier Intern., Inc.,* 393 F.3d 1378, 1391 (Fed. Cir. 2005)

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions. *See, e.g., Cambridge Prods. Ltd. v. Penn Nutrients, Inc.,* 962 F.2d 1048, 1050-51 (Fed.Cir.1992); *Beckman Instruments, Inc., v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir.1989).

Plaintiff's claim for this as an exceptional case should be dismissed.

VII. Conclusion and Claim for Relief

There is no plausible claim for direct infringement, indirect infringement, willful infringement or for this as an exceptional case. All of Plaintiff's claims should be dismissed.

Respectfully submitted,


By:   */s/ Eric P. Mirabel*

Eric P. Mirabel, JD, LLM
State Bar No. 14199560
Southern District ID No. 9708
3783 Darcus St.
Houston, Texas 77005
Telephone: (281) 772-3794
Facsimile: (713) 667-4234
eric@emirabel.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 8th day of May, 2023, I hereby certify that a true and correct copy of the foregoing document was forwarded to opposing counsel by email. */s/ Eric P. Mirabel*


## CERTIFICATE OF CONFERENCE

Counsel for Defendant emailed a draft of this motion to counsel for the Plaintiff on April 28, 2023 and asked for a conference about it early the following week, noting in the email that the Court's procedures require providing Plaintiff an opportunity to amend its pleading. Plaintiff's counsel responded on May 2, 2023, stating they had reviewed the draft and it would "not be withdrawing or amending the Complaint as permitted by the Court's motion to dismiss procedures." In an earlier email they had said that they opposed a motion to dismiss.

## CERTIFICATE OF WORD COUNT

Defendant's counsel certifies that there are 4680 words in the body of the motion (not including Tables and Signature blocks).